BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re Trilegiant Membership Program Marketing : MDL No. 2310
Practices Litigation, :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSE (OBJECTION) OF AMERICAN EXPRESS COMPANY TO PLAINTIFFS' MOTION TO TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF CONNECTICUT PURSUANT TO 28 U.S.C. § 1407

Pursuant to Rule 6.1(c) of the Rules of Procedure of the Judicial Panel of Multidistrict Litigation ("JPML Rules"), American Express Company ("American Express"), a named defendant in the putative class action entitled <u>Kapil Khanna et al. v. American Express Co. et al.</u>, Civil Action No. 11 Civ. 6245 (S.D.N.Y. filed Sept. 7, 2011) (the "<u>Khanna</u> Action"), by and through its attorneys Stroock & Stroock & Lavan LLP, hereby responds and objects to the "Motion of Plaintiffs for Transfer of Related Actions to the District of Connecticut Pursuant to 28 U.S.C. § 1407," dated October 6, 2011 (the "Transfer Motion").

**I.     Introduction.**

For the reasons detailed below, the Transfer Motion should be denied as to American Express. All of plaintiffs' claims against American Express in the <u>Khanna</u> Action – the <u>only</u> action proposed for centralization in which American Express is a defendant – are subject to arbitration on an individual (non-class) basis. American Express intends to file a motion to compel arbitration before Judge Jed S. Rakoff in the United States District Court for the Southern District of New York.[1] American Express's express contractual right to arbitrate,

---

[1] On October 25, 2011, the parties participated in a telephonic conference before Judge Rakoff's clerk to discuss American Express's contemplated motion to compel arbitration. Plaintiffs were directed to file a letter brief by October 28, 2011 in support of their request to stay the <u>Khanna</u> Action pending the Panel's ruling on the Transfer Motion, with American Express's response due November 2, 2011. If Plaintiffs' request for a stay is denied, the Court will set a briefing schedule on American Express's motion to compel arbitration at the initial pre-trial conference on November 7, 2011.

rather than litigate, raises case-specific issues that should be decided by Judge Rakoff and are not appropriate for determination by the transferee court. Judicial economy would not be served by transfer of those issues to a different court. Alternatively, should the Panel find that transfer of the Khanna Action is otherwise warranted, American Express requests that the Panel either exclude the claims against American Express from transfer pursuant to 28 U.S.C. § 1407(a) or stay transfer of the Khanna Action pending Judge Rakoff's decision on American Express's motion to compel arbitration.

American Express also expressly joins and incorporates by reference the common arguments for denial of centralization presented in the Memorandum of Law in Opposition to Plaintiffs' Motion to Transfer by Defendant Chase Bank USA, N.A ("Chase").

## II. The Khanna Action.

The Transfer Motion names the Khanna Action as one of six putative class actions proposed for transfer and consolidated for pre-trial purposes to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1407. Of the six actions proposed for transfer, the Khanna Action is the only one in which American Express is named as a defendant. In the Khanna Action, Plaintiffs Kapil Khanna and Prerna Pachdeva ("Plaintiffs") allege that American Express processed charges on cardmembers' accounts despite purported knowledge of the "fraudulent scheme" initiated by co-defendants Trilegiant Corp., Inc., Affinion Group, LLC, and Apollo Global Management, LLC (collectively "Trilegiant") to impose unauthorized charges on consumers' credit or debit card accounts.

The Complaint contains five claims for relief, only three of which are specifically directed against American Express: (1) violation of the substantive Racketeer Influenced and Corrupt Practices Act ("RICO") statute, 18 U.S.C. § 1962(c); (2) violation of the RICO conspiracy statute, 18 U.S.C. § 1962(d); and (3) common law unjust enrichment. The remaining

2

claims, under the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, are not asserted against American Express.

### III. Plaintiffs' Motion To Transfer And Centralize The Khanna Action Should Be Denied.

All of Plaintiffs' claims against American Express in the Khanna Action are subject to a mandatory and binding arbitration agreement in the cardmember agreement governing Plaintiffs' credit card account, which requires that all claims against American Express be arbitrated on an individual basis. Thus, in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), American Express intends to file a motion before Judge Rakoff to compel arbitration and stay the Khanna Action pending the completion of arbitration proceedings ("Motion to Compel Arbitration").

No justifiable basis exists to transfer and centralize the Khanna Action in the proposed MDL proceeding. To our knowledge, no similar motions to compel arbitration involving a consumer credit card agreement and the enforcement of a class action waiver provision will arise in any other case proposed for transfer. Thus, the case-specific issues presented in American Express's Motion to Compel Arbitration are not suitable for resolution in a MDL proceeding. See In re State Street Bank and Trust Co., MDL No. 1945, 2011 WL 1046162, at *5 (S.D.N.Y. March 22, 2011) (remanding cases to transferor courts where the pending motions were "case-specific, and 'like other MDL judges,' the Court finds that 'case-specific rulings are neither the purpose, nor the forte, of a court presiding over a multi-district litigation . . . The transferee court typically does not rule on cumbersome, case-specific legal issues.'") (citation omitted); Terkel v. AT&T, Inc., Nos. 06 C 2837, 06 C 2680, 2006 WL 1663456, at *3 (N.D. Ill. June 9, 2006) (denying motion to stay pending motion to transfer before the JPML where there was no pending

motion in any of the other cases that was "directed to the particular issues raised" in the motion for preliminary injunction sought to be stayed).[2]

Under the FAA, a stay pending arbitration "permits the parties to complete the arbitration and then return to the court with appropriate jurisdiction to either confirm or vacate the arbitrator's award." In re Jamster Marketing Litig., MDL No. 1751, 2009 WL 250089, at *2 (S.D. Cal. Feb. 2, 2009) (citing 9 U.S.C. §§ 9, 10). Because a transferee court's jurisdiction would be limited to pre-trial matters only, it will not have the authority to "entertain a post-arbitration motion to confirm or vacate the [arbitrator's] award," and will need to remand the case back to the Southern District of New York. Id. Importantly, judicial efficiency will not be promoted by transferring the Khanna Action to the proposed MDL.

Even if American Express's Motion to Compel Arbitration is ultimately denied, centralization of the Khanna Action still is not appropriate because American Express is not a defendant in any of the other actions identified for transfer in the Motion. Thus, centralization will not alleviate duplicative discovery or overlapping factual or legal issues because Plaintiffs' claims against American Express present unique issues of liability not present in the other cases pending against other defendants. See In re DirectBuy, Inc. Marketing and Sales Practices Litig., 682 F. Supp. 2d 1349, 1350 (J.P.M.L. 2010) ("[O]ur primary statutory inquiry [is] whether centralization of actions containing common factual questions will serve the convenience of the parties and witnesses and further the just and efficient conduct of the actions."); In re Provident

---

[2] The proposed transferee court denied a motion to compel arbitration filed by Trilegiant and Affinion in Schnabel v. Trilegiant Corp., C.A. No. 3:10-CV-957 (JCH), slip. op. (D. Conn. Feb. 24, 2011). An arbitration clause contained in a credit card agreement was not at issue in that case, and the court specifically distinguished such cases on the grounds that the plaintiff's use of the credit card manifested assent to the agreement's terms. Id. at pp. 11-12. In addition, unlike Trilegiant and Affinion, American Express is not a defendant in any other action proposed for centralization, and thus issues regarding American Express's Motion to Compel Arbitration will not arise in any other action.

Sec. Litig., 715 F. Supp. 2d 1356, 1357 (J.P.M.L. 2010) (denying centralization where actions did not have completely common defendants and would require individualized discovery).

For each of these reasons, the Transfer Motion should be denied as to American Express.

## IV. In The Alternative, The Claims Against American Express Should Be Severed Or Transfer Stayed Pending The Decision On The Motion To Compel Arbitration.

Even if the Panel finds that centralization of the Khanna Action is appropriate,[3] the claims against American Express should be excluded from transfer under 28 U.S.C. § 1407(a). See 28 U.S.C. § 1407(a) ("[T]he Panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."); In re Resource Exploration, Inc., Sec. Litig., 483 F. Supp. 817, 822 (J.P.M.L. 1980) (stating that "Section 1407(a) provides a mechanism whereby the Panel can effectively exclude claims from Section 1407 transfer"). Plaintiffs' claims against American Express present case-specific issues not only with regard to the Motion to Compel Arbitration, but also as to any proof of Plaintiffs' purported substantive claims against American Express. They should therefore be excluded from any transfer order.

Alternatively, the Panel should stay any transfer order pending the outcome of American Express's Motion to Compel Arbitration before Judge Rakoff.[4] If the Motion to Compel Arbitration is granted by Judge Rakoff, that decision will be considered law of the case in the MDL proceeding, and there will be no need (or basis) to revisit the issue of the arbitrability of

---

[3] For the reasons set forth in Chase's opposition, if the Panel determines that the actions should be centralized, it should transfer the actions to the Eastern District of New York, and not to the District of Connecticut.

[4] J.P.M.L. Rule 2.1(d) provides: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."

Plaintiffs' claims against American Express before the transferee court. See In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 441 (3d Cir. 2009) (holding that under law of the case doctrine the transferee court did have the authority to vacate or modify order of transferor judge granting a motion to compel arbitration). Judicial efficiency favors staying a transfer order so that Judge Rakoff may rule on American Express's Motion to Compel Arbitration in the first instance.

## CONCLUSION

For the reasons stated herein, American Express respectfully requests that the Transfer Motion be denied or, in the alternative, that the claims against American Express in the Khanna Action be excluded from transfer or the transfer order stayed pending the transferor court's decision on American Express's Motion to Compel Arbitration.

Dated: New York, New York
October 28, 2011

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By: /s/ James L. Bernard
  James L. Bernard

180 Maiden Lane
New York, New York 10038
Tel: 212-806-5684
Fax: 212-806-1284
e-mail: jbernard@stroock.com

*Attorneys for American Express Company*

.