BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Trilegiant Membership Program Marketing Practices Litigation | MDL No. 2310 |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER BY DEFENDANT CHASE BANK USA, N.A.**

Robert D. Wick
Andrew A. Ruffino
COVINGTON & BURLING LLP
1201 Pennsylvania Ave NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 778-6000
rwick@cov.com
aruffino@cov.com

*Counsel for Defendant Chase Bank USA, N.A.*

Dated: October 28, 2011

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT ................................................................................................................................... 3

I.       The Panel Should Deny Plaintiffs' Motion In Its Entirety ................................................. 3

II.      If The Panel Determines That An MDL Is Warranted, The Actions Should Be Sent To The Eastern District of New York. ................................................................................. 6

III.     In The Alternative, The Panel Should Stay Any Transfer Order As To Chase Pending Judge Hurley's Decision On Its Motion To Dismiss. ...................................................... 8

CONCLUSION ................................................................................................................................ 9

## TABLE OF AUTHORITIES

**P**AGE(S)

**C**ASES

*In re ATM Interchange Fee Antitrust Litig.,*
   350 F. Supp. 2d 1361 (J.P.M.L. 2004) ................................................................... 5, 6

*In re Boehringer Ingelheim Pharmaceuticals, Inc. Fair Labor Standards Litig.,*
   763 F. Supp. 2d 1377 (J.P.M..L. 2011) ....................................................................... 4

*In re Credit Card Payment Protection Plan Marketing & Sales Practices Litig.,*
   753 F. Supp. 2d 1375 (J.P.M.L. 2010) ........................................................................ 6

*In re CVS Caremark Corp. Wage and Hour Employment Practices Litig.,*
   684 F. Supp. 2d. 1377 (J.P.M.L. 2010) ....................................................................... 4

*In re Kaehni Patent Litig.,*
   311 F. Supp. 1342 (J.P.M.L. 1970) ......................................................................... 6, 9

*In re L.E. Lay & Co. Antritrust Litig.,*
   391 F. Supp. 1054 (J.P.M.L. 1975) ............................................................................. 6

*In re LG Front Load Washing Machine Litig.,*
   Case No. 2:08-cv-00051-FSH-MAS (D.N.J.) .............................................................. 5

*In re Resource Exploration, Inc. Securities Litig.,*
   483 F. Supp. 817 (JPML 1980) ............................................................................... 6, 8

*In re Rite Aid Corp. Wage and Hour Employment Practices Litig.,*
   655 F. Supp. 2d 1376 (J.P.M.L. 2009) ........................................................................ 4

*In re Toyota Motor Corp Unintended Acceleration Marketing Sales and Products Liability Litig.,*
   MDL. No. 2151, Case No. 8:10ML2151 JVS (C.D. Cal.) ........................................... 6

*In re Whirlpool Corp. Front-Loader Washer Products Liability Litig.,*
   MDL No. 2001, Case No. 1:08WP65000 (N.D. Ohio) ............................................... 6

*Maestro v. Momot,*
   2009 WL 1993772 (D. Ariz. July 9, 2009) ................................................................. 5

*Pacesetter Systems, Inc. v. Medtronic, Inc.,*
   678 F.2d 93 (9th Cir. 1982) ......................................................................................... 5

Defendant Chase Bank USA, N.A. ("Chase") opposes Plaintiffs' motion to transfer pursuant to Section 1407 for the reasons discussed in the Trilegiant memorandum and the additional reasons discussed below.

**INTRODUCTION**

The Freed & Weiss law firm has filed a total of six RICO class actions against the Trilegiant companies, credit card issuers including Chase, and certain e-commerce merchants. Freed & Weiss could have filed these actions in the District of Connecticut – where another action against Trilegiant was pending – but chose instead to file them in six different courts across the country. Despite its own deliberate decision to file these cases elsewhere, Freed & Weiss now asks that all six of its cases be transferred to Connecticut.

The Panel should not lend its assistance to Freed & Weiss' efforts to manufacture an MDL through its own seriatim filing of cookie-cutter complaints in multiple courts. The six Freed & Weiss actions need not be centralized under Section 1407 because the same law firm serves as lead plaintiffs' counsel in each of them. As the Panel has recognized in other cases, the presence of common counsel in multiple cases enables coordination without resort to formal centralization under Section 1407. Further coordination may be achieved, to the extent necessary, through Section 1404 transfers or through staying subsequent actions in deference to earlier actions. Nor is it necessary to combine the Connecticut action with the Freed & Weiss actions because material differences exist between that action and the Freed & Weiss cases.

If the Panel nonetheless is inclined to centralize the actions, it should send them to the Eastern District of New York, not the District of Connecticut. Freed & Weiss filed the first of its seriatim actions in the Eastern District of New York almost a year ago. Fully-briefed motions to dismiss have been pending in that District since June. Although the Connecticut action has been on file slightly longer than the Eastern District action, there are no pending motions in Connecticut, and the Eastern District action is the only action in which a court has ever been called upon to examine the merits of the plaintiffs' claims.

1

The Eastern District of New York also has a greater nexus to the parties and the counsel in the various cases. Chase and four other defendants are located in New York or have a significant presence there; most defendants' counsel are located in New York; and none of the plaintiffs hail from Connecticut. Moreover, for parties traveling from out of state, Bridgeport, Connecticut is far less convenient than the Eastern District of New York. Finally, sending the actions to the forum in which Freed & Weiss filed the first of its cases would discourage future attempts by a single law firm to manufacture an MDL by filing duplicative suits in multiple jurisdictions.

If the Panel nevertheless determines that the actions should be centralized in the District of Connecticut, it should stay transfer of the Eastern District of New York action until the pending motions to dismiss are decided.

## BACKGROUND

**The Connecticut Action**. Plaintiff Lucy Schnabel, a resident of California, filed a proposed RICO class action against the Trilegiant companies in federal court in Bridgeport, Connecticut in June 2010. The *Schnabel* complaint challenges a variety of Trilegiant marketing practices, including direct mail campaigns, telemarketing solicitations, and internet advertisements. (*Schnabel* Compl. ¶¶ 25 – 27.) Trilegiant responded to the complaint by filing a motion to compel arbitration (*Schnabel* Dkt. No. 23), which the Court denied in February of this year (*Id*. at Dkt. No. 28). No motions relating to the merits of plaintiff's claims have ever been filed in the action. (*Id*. at Dkt. No. 31.) Trilegiant has now moved to stay further proceedings until the Panel rules on the pending motion for MDL treatment. (*Id*. at Dkt. No. 47.)

**The Eastern District of New York Action**. Plaintiff David Frank filed a proposed RICO class action in the Eastern District of New York in November 2010. The *Frank* complaint focuses on so-called "online datapass" practices – arrangements under which e-commerce merchants supposedly hand over their customers' credit card numbers to Trilegiant as part of an e-commerce transaction. (*E.g. Frank* Compl. ¶ 4.) The complaint further alleges a "triangle of

2

fraud" supposedly consisting of (1) Trilegiant, (2) an e-merchant in league with Trilegiant, and (3) a credit card issuer. (*Id*. at ¶ 3.) Mr. Frank has therefore sued his credit card issuer, Chase, and e-merchant 1-800 Flowers in addition to Trilegiant. The Freed & Weiss firm serves as lead plaintiff's counsel in the action.

Chase filed a motion to dismiss challenging the adequacy of plaintiff's RICO, conspiracy, EFTA, CUTPA, breach of contract, and unjust enrichment claims earlier this year. (*Frank* Dkt. No. 20.) Trilegiant and 1-800 Flowers have moved to stay or dismiss the action pursuant to an arbitration agreement. (*Id*. at Dkt. No. 25.) These motions have been fully briefed and ready for decision since June.

**The Five Subsequent Freed & Weiss Actions**. Shortly after briefing was completed on Chase's motion to dismiss the *Frank* action, Freed & Weiss filed four duplicative class actions in federal courts around the country – *Restrepo* (July 13, 2011), *Auerbach* (July 14, 2011), *Warfel* (August 2, 2011), and *Khanna* (September 2, 2011). Freed & Weiss filed a fifth duplicative action – the *Pham* action – earlier this week. Each action is based on the same online datapass allegations and the same purported "triangle of fraud" alleged in *Frank*. The assembly-line quality of these actions is apparent on the face of the complaints, which in most respects are cribbed word-for-word from the *Frank* complaint.

Freed & Weiss easily could have filed its additional actions in the Eastern District of New York or in Connecticut, but instead it elected to file them in Arizona, Oregon, Ohio, the Southern District of New York, and California, respectively.

**ARGUMENT**

I. **The Panel Should Deny Plaintiffs' Motion In Its Entirety.**

Freed & Weiss has filed six cookie-cutter complaints against Trilegiant and other defendants in six different courts across the country. Freed & Weiss knew about the *Schnabel*

3

action at the time it filed these cases, and could have filed its actions alongside *Schnabel* in Connecticut.[1]  Instead, it made a deliberate decision to file its cases in other courts.

Now, after judges have been assigned in each of the cases, after motions to dismiss the *Frank* action have been fully briefed and submitted, and after the Connecticut case has developed to Freed & Weiss' apparent satisfaction, Freed & Weiss seeks to change course.  It asks this Panel to reverse its own deliberate forum selections and send each of its cases to Connecticut, where they could have been filed in the first place.  Freed & Weiss offers no explanation whatsoever for its original decision to file its actions outside of Connecticut or its abrupt attempt to reverse course through a Section 1407 motion.

The Panel should not reward this effort to manufacture an MDL.  The MDL process is intended to serve the interests of courts and litigants, not the interests of particular counsel.  Accordingly, where the same law firm attempts to manufacture an MDL by filing a series of duplicative lawsuits in different jurisdictions, centralization ordinarily should be denied.  *See In re CVS Caremark Corp. Wage and Hour Employment Practices Litig.*, 684 F. Supp. 2d. 1377, 1379 (J.P.M.L. 2010) (denying certification where the three movants were "all represented by the same law firm, which filed the first action in early 2009 but then commenced the two others immediately prior to filing this Section 1407 motion."); *id.* at 1379 ("[W]here a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it.").

Contrary to Freed & Weiss' assertions, centralization is not necessary to assure coordination of its various actions.  The presence of common counsel in each of those cases assures that they can be coordinated without formal centralization under Section 1407.  *See In re Boehringer Ingelheim Pharm., Inc. Fair Labor Standards Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) ("[T]he presence of common counsel for moving plaintiffs in actions filed shortly before the motion for centralization might also weigh against centralization."); *In re Rite*

---

[1] Defendant Trilegiant is based in Connecticut and all of the other defendants may be found there.

4

*Aid Corp. Wage and Hour Employment Practices Litig.,* 655 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) (denying centralization where plaintiffs in four of six actions shared counsel). Further coordination may be accomplished through Section 1404 transfers or by staying subsequent actions in deference to earlier Freed & Weiss actions as appropriate. *See, e.g.*, *In re ATM Interchange Fee Antitrust Litig.*, 350 F. Supp. 2d 1361, 1362-63 (J.P.M.L. 2004) (denying § 1407 motion where § 1404 transfer motions had the potential to avoid the need for MDL consolidation); *Maestro v. Momot,* 2009 WL 1993772, at *2 (D. Ariz. July 9, 2009) ("[T]he doctrine of federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues already has been filed in another district.") (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982).[2]

Nor is centralization necessary to coordinate the Freed & Weiss actions with *Schnabel*. *Schnabel* is materially different from the other actions: it is directed at the Trilegiant companies alone and does not allege a so-called "triangle of fraud"; it challenges a broader set of marketing practices than the online datapass practices targeted by Freed & Weiss; and it involves a different proposed class.[3] Furthermore, coordination without formal centralization should be easily accomplished because the firm that filed *Schnabel* has a long history of working in tandem with Freed & Weiss to prosecute class actions.[4] For all of these reasons, Section 1407 centralization

---

[2] In the event that Section 1407 centralization is denied, Chase will promptly file motions to transfer the Arizona, Ohio, and California actions in which it is named as a defendant to the Eastern District of New York. Given Freed & Weiss' new-found interest in avoiding duplicative litigation, Chase presumes that plaintiffs will not oppose that motion.

[3] The proposed *Schnabel* class consists of "all persons and entities, within the United States, who, from February 15, 2008 through the present, were charged for one or more Trilegiant membership programs(s)." (*Schnabel* Compl. ¶ 34.) In contrast, the classes proposed by Freed & Weiss tend to focus on the specific means through consumers enrolled in a Trilegiant program and the parties supposedly involved in the alleged "triangle of fraud." *See, e.g.*, *Frank* Compl. at p. 19 (defining a proposed RICO class consisting of "All persons or entities who reside in the United States and who, while completing online sales transaction(s) with 1-800 Flowers, were enrolled into" a Trilegiant program).

[4] For example, the two firms are co-counsel or co-lead counsel in *In re LG Front Load Washing Machine Litig.*, Case No. 2:08-cv-00051-FSH-MAS (D.N.J.). Both firms also represent

should be denied. *See, e.g., In re Credit Card Payment Protection Plan Mktg. & Sales Practices Litig.*, 753 F. Supp. 2d 1375, 1375-76 (J.P.M.L. 2010) (denying request for centralization where subject cases overlapped as to plaintiff's "broad allegations of deceptive marketing" but involved distinct defendants, different products, and different marketing schemes).

**II.     If The Panel Determines That An MDL Is Warranted, The Actions Should Be Sent To The Eastern District of New York.**

If the Panel nevertheless determines that the actions should be centralized, it should transfer the actions to the Eastern District of New York – where *Frank* has been pending for almost a year – rather than to Connecticut. Centralization in the Eastern District of New York would be superior to centralization in Connecticut for three fundamental reasons.

*First*, although *Schnabel* has been pending a few months longer than *Frank* (June 2010 vs. November 2010), *Frank* is more advanced than *Schnabel* in a practical sense. To begin with, Chase's fully-briefed motion to dismiss the *Frank* action has been pending before the Court since June. A decision on that motion could come at any time. The presence of a fully-briefed dispositive motion weighs heavily against transfer of an action to another forum. *See In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (noting the JPML's reluctance "to transfer any action that has an important motion under submission with a court."); *In re ATM Interchange Fee Antitrust Litig.*, 350 F. Supp. 2d at 1363 (denying § 1407 motion where motions to transfer venue pending in 2 of 5 actions could render centralization unnecessary); *In re Res. Exploration, Inc. Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) (deferring decision on transfer "because of the pendency of the defendants' motion for summary judgment, which is fully submitted to the potential transferor judge."); *In re Kaehni Patent Litig.*, 311 F. Supp. 1342, 1344 n. 2 (J.P.M.L. 1970) (staying transfer pending outcome of motion to

---

plaintiffs in *In re Whirlpool Corp. Front-Loader Washer Prod. Liab. Litig.*, MDL No. 2001, Case No. 1:08WP65000 (N.D. Ohio) and *In re Toyota Motor Corp Unintended Acceleration Mktg. Sales and Prod. Liab. Litig.*, MDL. No. 2151, Case No. 8:10ML2151 JVS (FMOx) (C.D. Cal.).

dismiss); Multidistrict Lit. Man. § 6.21 (2011) ("The pendency of motions is a well-recognized factor considered by the Panel in determining whether to order transfer....").

Furthermore, *Frank* is the only action in which a motion addressed to the *merits* of plaintiffs' claims has *ever* been pending. Chase's motion in *Frank* addresses the merits of claims common to all of the Freed & Weiss actions. Pursuant to that motion, Judge Hurley presumably has invested time and resources in considering the sufficiency of plaintiffs' RICO, conspiracy, consumer fraud, and other claims. In *Schnabel*, by contrast, the only substantive motion ever presented to the Court was addressed to the narrow issue of the enforceability of an arbitration clause against a particular consumer. (*Schnabel* Dkt. Nos. 23, 28.) That motion, moreover, has already been decided. Accordingly, transferring the *Schnabel* action to the Eastern District of New York would not require transfer of an action in which a court has invested time in considering the merits of plaintiffs' claims. Transferring the *Frank* action to Connecticut, on the other hand, would force both Chase and the federal judiciary to start all over again on briefing and deciding substantive issues addressed to the merits of the claims – all because of Freed & Weiss' belated realization that it would rather litigate in Connecticut than in the forums in which it originally filed its actions.[5]

*Second*, the Eastern District of New York is a more convenient forum for the parties. Among the defendants, only Trilegiant and its parent company are located in Connecticut. Chase, American Express, Apollo, Bank of America, and 1-800-Flowers all are either located in New York or have a significant presence there, and Avis is located in northern New Jersey,

---

[5] It makes no difference that the *Schnabel* court has set a schedule for briefing the issue of class certification or that document discovery directed at class certification has taken place there. The discovery in question did not involve a significant investment of resources by the Court. Furthermore, if the other actions were to be transferred to Connecticut, discovery and briefing on class certification would have to begin anew because all of the other actions involve defendants who are not parties in *Schnabel*. Those parties would be prejudiced if they were deprived of the opportunity to participate in briefing and discovery on class certification. Finally, Trilegiant has moved to stay further proceedings in *Schnabel* pending the Panel's decision on the question of centralization and transfer. (*Schnabel* Dkt. No. 47.)

closer to the Eastern District of New York than to Connecticut. Plaintiffs, in turn, are scattered throughout the country; none of them is located in Connecticut. Finally, with the sole exception of plaintiffs' counsel in *Schnabel*, counsel for the parties are located in New York (Chase, Bank of America, American Express, and 1-800 Flowers), Chicago (the Freed & Weiss plaintiffs, Trilegiant, Affinion, Apollo, and Avis), or Washington D.C. (Chase). Air connections to the Eastern District of New York are far better than the available connections to Bridgeport, Connecticut.[6]

*Third*, holding Freed & Weiss to the forum that *it* originally chose would discourage tactical maneuvering of the sort that has occurred here. Freed & Weiss chose to file the first of its six duplicative suits in the Eastern District of New York; it chose to litigate there for nearly a year before moving to centralize; and that is where its actions belong if they are to be centralized at all.

### III. In The Alternative, The Panel Should Stay Any Transfer Order As To Chase Pending Judge Hurley's Decision On Its Motion To Dismiss.

If the Panel concludes that these actions should be centralized in the District of Connecticut (and Chase respectfully submits that they should not), Chase requests that the Panel stay its transfer order pending a ruling on Chase's motion to dismiss the *Frank* action. Freed & Weiss acknowledges that all of its actions are based on "virtually identical" factual allegations. (Pl.'s Mem. at 7.) As a result, Judge Hurley's ruling may well determine whether Chase should be a defendant in *any* of the four suits in which it is named (*Frank*, *Restrepo*, *Warfel*, and *Pham*). Chase respectfully asks the Panel to deny plaintiffs' motion for centralization in the District of Connecticut, but if the Panel is otherwise inclined, it should stay transfer of the *Frank* action until Judge Hurley has decided Chase's motion to dismiss. *See In re Res. Exploration, Inc. Sec.*

---

[6] In addition to New York's other airports, Long Island McArthur Airport (LIMA) is a fifteen minute drive from Judge Hurley's courthouse. Southwest Airlines offers three non-stop flights per day into LIMA from Chicago and five non-stop flights per day from the Washington, DC area (where lead counsel for Chase is located). Bridgeport, Connecticut is not served by any major airlines.

8

*Litig.*, 483 F. Supp. at 822 (deferring decision on transfer "because of the pendency of the defendants' motion for summary judgment, which is fully submitted to the potential transferor judge."); *In re Kaehni Patent Litig.*, 311 F. Supp. at 1344 n. 2 (J.P.M.L. 1970) (staying transfer pending outcome of motion to dismiss - "if the motion is granted, there of course will be no [need to] transfer. . . .").

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for centralization and transfer to the District of Connecticut should be denied in its entirety. In the alternative, the Panel should centralize the actions in the Eastern District of New York.

Respectfully submitted,

/s/ Robert D. Wick
Robert D. Wick
Andrew A. Ruffino
COVINGTON & BURLING LLP
1201 Pennsylvania Ave NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 778-6000
rwick@cov.com
aruffino@cov.com

*Counsel for Defendant Chase Bank USA, N.A.*

Dated: October 28, 2011