BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Trilegiant Membership Program Marketing Practice Litigation | MDL NO. 2310 |

# MEMORANDUM OF RESPONDENTS TRILEGIANT CORP., INC., AFFINION GROUP, LLC, AND APOLLO GLOBAL MANAGEMENT LLC IN RESPONSE TO PLAINTIFFS' MOTION FOR TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF CONNECTICUT PURSUANT TO 28 U.S.C. § 1407

Kenneth M. Kliebard
Gregory T. Fouts
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601-5094
Telephone:  312-324-1000
Facsimile:   312-324-1001

Joseph B.G. Fay
Lauren K. Silvestri
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:  215-963-5000
Facsimile:   215-963-5001

*Attorneys for Trilegiant Corp., Inc., Affinion Group, LLC, and Apollo Global Management, LLC*

I.     INTRODUCTION

Movants with respect to this proposed multidistrict proceeding – David Frank, Frederic S. Auerbach, Juan M. Restrepo, Regina Warfel, Kapil Khanna and Prerua Sachdeva – are all represented in their substantially similar pending individual actions by Freed & Weiss LLC of Chicago, Illinois (along with their co-counsel).  All have filed putative nationwide class actions against respondents, Trilegiant Corp., Inc. ("Trilegiant"), Affinion Group, LLC ("Affinion"), and varying additional defendants, alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.[1]  The first complaint among Movants' five individual cases (the "Freed Actions") was filed in the Eastern District of New York in 2010, but the other four are of recent vintage.[2]  Movants now ask the Panel to transfer all their actions to the District of Connecticut for coordinated pretrial proceedings.

Four justifications are suggested in support of transfer: (1) the desirability of avoiding duplicative discovery, (2) the possibility of conflicting pretrial schedules, (3) the possibility of conflicting rulings on class certification, and (4) the potential that additional "tag along" actions may be filed in the future.  *See* Memorandum Of Law In Support Of Plaintiffs' Motion For Transfer Of Related Actions To The District of Connecticut Pursuant to 28 U.S.C. § 1407 ("Plaintiffs' Memorandum") at 10-12.  As explained below, these proffered reasons are largely created by Movants' counsel.  Nevertheless, recognizing the number of cases and the inefficiencies that may result if all cases are litigated separately, if the Panel elects to enter an

---

[1] Respondent Apollo Global Management, LLC ("Apollo"), Affinion's principal shareholder, is a defendant in the four most recently-filed Freed Actions.  It is not a defendant in the *Frank* action.  Apollo, Trilegiant, and Affinion are referred to collectively herein as "Respondents."

[2] The remaining four Freed Actions identified in the moving papers have been filed since July of this year.  Yet another action was filed by the Freed firm after the pending motion was filed.  *See Pham v. IAC/Interactive Corp., et al.*, No. CV-11-01645-JVS-AN, C.D. Cal., filed Oct. 25, 2011.

order of consolidation under 28 U.S.C. § 1407, Respondents agree with the other respondents that the Eastern District of New York (where the first of the Freed Actions was filed) would be the most appropriate and convenient forum for all Respondents.

## II. ARGUMENT

### A. The Reasons For Seeking MDL Transfer Are The Result of Certain Plaintiffs' Needless Multiplication of the Proceedings.

One purpose of Congress in enacting what is now 28 U.S.C. § 1407 in 1968 was "to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions." H. R. Rep. No. 1130, 90th Cong., 2d Sess. 2-3 (1968). The instant attempt to invoke the statute appears to be the end product of an effort to *multiply* proceedings. Although efficiencies will be gained by consolidating this group of cases for pretrial proceedings, Congress likely did not intend in enacting § 1407 to create an incentive for plaintiffs to file unnecessary and duplicative actions, only to then seek to consolidate and coordinate those actions.

Turning to the Complaints themselves, five of the six actions were brought by the same counsel; Trilegiant and Affinion are defendants in each case, and in each case one or more additional defendants are added. As a matter of joinder, personal jurisdiction and venue, it appears that (a) at least most of the claims asserted in the separate Freed Actions could have been asserted in a single action against the various defendants, and (b) such a single action (and/or any additional actions) could have been filed practically anywhere in the United States. Put differently, plaintiffs' counsel in the Freed Actions has taken claims that could have been filed anywhere, quite possibly in a single case, and separated them into five overlapping pieces – and now asks the Panel to put them back together, for pretrial purposes, in a district where none of their five cases was actually filed. Although efficiencies would likely result from conducting

order of consolidation under 28 U.S.C. § 1407, Respondents agree with the other respondents that the Eastern District of New York (where the first of the Freed Actions was filed) would be the most appropriate and convenient forum for all Respondents.

## II. ARGUMENT

### A. The Reasons For Seeking MDL Transfer Are The Result of Certain Plaintiffs' Needless Multiplication of the Proceedings.

One purpose of Congress in enacting what is now 28 U.S.C. § 1407 in 1968 was "to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions." H. R. Rep. No. 1130, 90th Cong., 2d Sess. 2-3 (1968). The instant attempt to invoke the statute appears to be the end product of an effort to *multiply* proceedings. Although efficiencies will be gained by consolidating this group of cases for pretrial proceedings, Congress likely did not intend in enacting § 1407 to create an incentive for plaintiffs to file unnecessary and duplicative actions, only to then seek to consolidate and coordinate those actions.

Turning to the Complaints themselves, five of the six actions were brought by the same counsel; Trilegiant and Affinion are defendants in each case, and in each case one or more additional defendants are added. As a matter of joinder, personal jurisdiction and venue, it appears that (a) at least most of the claims asserted in the separate Freed Actions could have been asserted in a single action against the various defendants, and (b) such a single action (and/or any additional actions) could have been filed practically anywhere in the United States. Put differently, plaintiffs' counsel in the Freed Actions has taken claims that could have been filed anywhere, quite possibly in a single case, and separated them into five overlapping pieces – and now asks the Panel to put them back together, for pretrial purposes, in a district where none of their five cases was actually filed. Although efficiencies would likely result from conducting

order of consolidation under 28 U.S.C. § 1407, Respondents agree with the other respondents that the Eastern District of New York (where the first of the Freed Actions was filed) would be the most appropriate and convenient forum for all Respondents.

## II. ARGUMENT

### A. The Reasons For Seeking MDL Transfer Are The Result of Certain Plaintiffs' Needless Multiplication of the Proceedings.

One purpose of Congress in enacting what is now 28 U.S.C. § 1407 in 1968 was "to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions." H. R. Rep. No. 1130, 90th Cong., 2d Sess. 2-3 (1968). The instant attempt to invoke the statute appears to be the end product of an effort to *multiply* proceedings. Although efficiencies will be gained by consolidating this group of cases for pretrial proceedings, Congress likely did not intend in enacting § 1407 to create an incentive for plaintiffs to file unnecessary and duplicative actions, only to then seek to consolidate and coordinate those actions.

Turning to the Complaints themselves, five of the six actions were brought by the same counsel; Trilegiant and Affinion are defendants in each case, and in each case one or more additional defendants are added. As a matter of joinder, personal jurisdiction and venue, it appears that (a) at least most of the claims asserted in the separate Freed Actions could have been asserted in a single action against the various defendants, and (b) such a single action (and/or any additional actions) could have been filed practically anywhere in the United States. Put differently, plaintiffs' counsel in the Freed Actions has taken claims that could have been filed anywhere, quite possibly in a single case, and separated them into five overlapping pieces – and now asks the Panel to put them back together, for pretrial purposes, in a district where none of their five cases was actually filed. Although efficiencies would likely result from conducting

pretrial proceedings in one forum rather than many, the decision of counsel in the Freed Actions to file multiple lawsuits appears to be a deliberate tactic to force MDL treatment.

### 1. Most If Not All Of The Claims In The Five Freed Actions Could Have Been Asserted In A Single Action.

The Federal Rules of Civil Procedure allow liberal joinder of parties and claims. Assuming any common question of law or fact, plaintiffs may, under Fed. R. Civ. P. 20, join in a single action if "they assert any right to relief jointly, severally, or in the alternative with respect to . . . [the same] series of transactions or occurrences." In addition, parties may be joined as defendants if "any right to relief is asserted against them jointly, severally or in the alternative with respect to . . . [the same] series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A) and 20(a)(2)(A). Moreover, "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded" in a particular action. Fed. R. Civ. P. 20(a)(3).

The two Freed Actions (*Restrepo* and *Warfel*) that were filed less than three weeks apart against the same four defendants (Trilegiant, Affinion, Apollo and Chase), asserting the same claims, certainly could have been brought as a single action by those two plaintiffs against those four defendants. The other three actions identify as defendants three of that group of four (all except Chase), and variously add 1-800-Flowers.com (the *Frank* action), Avis and Bank of America (the *Auerbach* action), and American Express (the *Khanna* action). Arguably, under Rule 20 the claims asserted in these three actions likewise could have been asserted in a single action (with the *Restrepo* and *Warfel* plaintiffs), with the *Frank*, *Auerbach* and *Khanna* plaintiffs further seeking relief against the additional defendant or defendants identified in those complaints. Even if Rule 20(a)(2)(A) would not have allowed joinder of all defendants in a single civil action, however, separate actions – with Trilegiant and Affinion as common defendants – could have been filed at the same time in the same place. This reveals that the

efficiencies Plaintiffs claim are needed are the result of the inefficiencies that appear to have been deliberately created here by counsel in the Freed Actions.

### 2. The Freed Actions Could Have Been Filed Almost Anywhere In The Country.

Moreover, given that nationwide service of process is available under RICO, and the breadth of the relevant venue provision, the Freed Actions could have been brought originally against *all* defendants anywhere *any* defendant "is found," including Connecticut. *See* 18 U.S.C. § 1965(a) and (b). A civil action under RICO "may be instituted in the district court . . . in which [the defendant] . . . is found . . . or transacts his affairs;" (18 U.S.C. § 1965(a)); as "the ends of justice require," additional parties "may be served in any judicial district of the United States." *See* 18 U.S.C. § 1965(b). A corporation is typically deemed to reside (for venue purposes) wherever it is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c). Thus, once again, while efficiencies would be gained through coordinated proceedings, Plaintiffs could have pursued these matters in a way in which those efficiencies could have been realized without the need for MDL transfer.

### B. If The Various Actions Are To Be Consolidated For Coordinated Pretrial Treatment, They Should Be Transferred To The Eastern District Of New York.

If the Panel elects to enter a transfer order, it can transfer the cases to any district court. The "center of gravity" of the existing actions, from defendants' collective standpoint, is in or near New York City. There are a total of ten defendants in the six actions, three of which (Apollo, Chase, and American Express) are alleged to have their principal places of business in New York City; one (1-800-Flowers.com, Inc.) has its principal place of business on Long Island; three (the Avis entities) have their principal places of business in northern New Jersey; and two have their principal places of business in Connecticut. The remaining defendant (Bank

of America) has its principal place of business in North Carolina. From plaintiffs' standpoint, the actions have a distinctly more western character – the plaintiffs are from Arizona (Restrepo), California (Schnabel), Illinois (Frank), Texas (Khanna), Ohio (Warfel) and Oregon (Auerbach) – but the three actions pending outside the northeastern United States have all been filed since July of this year, and all purport to assert claims on behalf of nationwide classes of plaintiffs. From the standpoint of likely convenience of the witnesses, one of the New York districts in which a relevant case is pending would seem to be the most logical venue.

Of the two cases pending in New York, the *Frank* case, pending in the Eastern District of New York, is the oldest. The *Khanna* action, pending in the Southern District of New York, was filed on September 7, 2011. The *Frank* case was filed in November of 2010, less than five months after the *Schnabel* action and more than eight months before any other action. The Freed firm should have no objection to this forum, as it was the forum it originally chose.

The plaintiffs in the Freed Actions argue for transfer to Connecticut because they assert that the *Schnabel* action "has advanced far beyond all other related actions." Plaintiffs' Memorandum, at 13. Like their arguments for consolidation, movants' arguments for Connecticut as a transferee venue become less persuasive under closer scrutiny. The district court in *Schnabel* has been called upon to make one substantive pretrial ruling, addressing the purely individual issue of whether the named plaintiffs' claim in that case was subject to arbitration. That court's ruling denying the motion to compel arbitration is on appeal to the Second Circuit but, right or wrong, that ruling turned in significant part on facts that will vary from plaintiff to plaintiff.[3] As a result, the arbitration question raised in the *Schnabel* case did not require the district court to familiarize itself closely with questions of law going to the merits.

---

[3] Judge Hurley in the *Frank* case now has pending before him Trilegiant and Affinion's motion to compel arbitration based on the facts relevant to that plaintiff, as well as a motion to dismiss pursuant to Rule 12(b)(6) filed by Chase.

Discovery in *Schnabel* is underway, but depositions are only beginning (none had been taken as of the time of the filing of the motion) and no discovery deadline has been set. The argument raised by movants that class discovery is nearly complete in *Schnabel* is something of a red herring; whatever court (if any) becomes a §1407 transferee court in these proceedings, it is likely that class discovery will remain open (or, if necessary, to be re-opened) to allow discovery of all proffered representative plaintiffs. In critical respects, the proceedings in *Schnabel* are not substantially more advanced than the proceedings in *Frank*.

In the age of electronic documents, the physical location of files is typically unimportant. With respect to the subpoena power of the respective courts, there is likely little meaningful difference between the District of Connecticut and the Eastern District of New York. Nevertheless, other convenience factors (particularly proximity to air travel) favor the Eastern District of New York. Thus, for these reasons and for the reasons explained by Chase (which Respondents incorporate by reference), Respondents join other of the respondents in urging the Panel, if it elects to transfer these actions for coordinated pretrial proceedings, to transfer the actions to the Eastern District of New York where the *Frank* action is currently pending.

# **CONCLUSION**

For all these reasons, in the event the Panel decides that consolidation is desirable, Respondents request that the cases be transferred to the Eastern District of New York.

Respectfully submitted,

/s/Kenneth M. Kliebard

Dated: October 28, 2011

Kenneth M. Kliebard
Gregory T. Fouts
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601-5094
Telephone: 312-324-1000
Facsimile: 312-324-1001

Joseph B.G. Fay
Lauren K. Silvestri
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215-963-5000
Facsimile: 215-963-5001

*Attorneys for Trilegiant Corp., Inc., Affinion Group, LLC, and Apollo Global Management, LLC*