**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| |  |
|---|---|
| IN RE: TRILEGIANT MEMBERSHIP PROGRAM MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 2310 |

**THE AVIS DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION PURSUANT TO 28 U.S.C. § 1407
TO TRANSFER ACTION TO THE DISTRICT OF CONNECTICUT
FOR COORDINATED PRETRIAL PROCEEDINGS**

**I.     INTRODUCTION**

Plaintiffs David Frank, Frederic S. Auerbach, Juan M. Restrepo, Regina Warfel, Kapil Khanna and Prerna Sachdeva (collectively, "Plaintiffs") seek to transfer and consolidate six pending actions in the District of Connecticut. Avis Budget Group, Inc., Avis Rent A Car System, LLC and Avis Budget Car Rental, LLC (the "Avis Defendants") are defendants in only one of the six cases. The Avis Defendants oppose Plaintiffs' request.

The Avis Defendants join the opposition briefs of Chase Bank USA, N.A., and Trilegiant Corporation, Inc., Affinion Group, LLC, and Apollo Global Management LLC. The Avis Defendants write separately here to underscore the lack of sufficient overlap to warrant the consolidation of the *Auerbach* case—the only case in which the Avis Defendants are parties—with the other pending cases.

**II.    BACKGROUND**

On June 17, 2010, the *Schnabel* action was filed against Trilegiant Corporation ("Trilegiant") and Affinion, Inc. ("Affinion"). (Ex. B to Memorandum of Law in Support of Plaintiffs' Motion for Transfer of Related Actions to the District of Connecticut Pursuant to 28

U.S.C. § 1407, Doc. No. 1 ("Plaintiffs' Motion").) Thereafter, on November 10, 2010, the *Frank* action was filed against Trilegiant, Affinion, 1-800-Flowers.com, Inc. ("1-800-Flowers") and Chase Bank USA, N.A. ("Chase"). (Ex. C to Plaintiffs' Motion.)

For several months, no additional cases were filed. Then, on February 24, 2011, Judge Hall in the *Schnabel* action denied defendants' motion to compel arbitration (a decision that is now fully briefed on appeal at the Second Circuit Court of Appeals). (Ex. B to Plaintiffs' Motion, Doc. No. 28.) After Judge Hall's decision, the same plaintiffs' lawyers (Freed & Weiss) filed *four* additional lawsuits in quick succession. On July 13, 2011, the *Restrepo* action was filed against Trilegiant, Affinion Group, LLC ("Affinion"), Chase and Apollo Global Management, LLC ("Apollo") alleging a RICO enterprise amongst those companies. (*Id.*, Ex. A.) On July 14, 2011, the *Auerbach* action was filed against Trilegiant, Affinion, the Avis Defendants, Apollo, and Bank of America, N.A. ("Bank of America") and alleged a RICO enterprise among the Avis Defendants, Bank of America, and Trilegiant. (*Id.*, Ex. F, Compl. ¶ 68.) On August 4, 2011, the *Warfel* action was filed against Trilegiant, Affinion, Chase and Apollo alleging a RICO enterprise amongst the defendants. (*Id.*, Ex. E, Compl. ¶ 64.) Finally, on September 7, 2011, the *Khanna* action was filed against Trilegiant, Affinion, Apollo, and American Express alleging a RICO enterprise among Trilegiant, Affinion, Apollo, and American Express. (*Id.*, Ex. D, Compl. ¶ 65.)

## III. ARGUMENT

Section 1407 contemplates that transfer is appropriate where "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Transfer here will not fulfill these purposes for at least the following reasons:[1]

*First*, the cases do not warrant consolidation because there is insufficient overlap in the

---

[1] Every defendant in all cases opposes the transfer request. *See, e.g., In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.*, 431 F. Supp. 906, 910 (J.P.M.L. 1977) (denying transfer of 103 actions in 19 districts in light of the "virtually unanimous opposition of the parties to transfer").

2

parties, the alleged RICO enterprises, the alleged RICO classes, and the transactions at issue. *See, e.g., In re Credit Card Payment Prot. Plan Mktg. & Sales Practices Litig.*, 753 F. Supp. 2d 1375, 1376 (J.P.M.L. 2010) (denying request for transfer and consolidation where there was overlap among the cases as to plaintiff's "broad allegations [of] deceptive marketing" but there were nevertheless different marketing schemes, products and defendants). Indeed, unlike cases involving a common alleged conspiracy among a common group of defendants (cases which the Panel often considers appropriate for MDL consolidation), the six pending cases here stand in sharp contrast. For example:

- Different Parties. The six pending cases involve varied parties. The only common defendants across all six cases are the Trilegiant/Affinion defendants. The Avis Defendants are parties only to the *Auerbach* action. (Exs. A-F to Plaintiffs' Motion.)

- Different RICO Enterprises. The cases allege varied RICO enterprises. The alleged enterprise in *Auerbach* concerns the Avis Defendants, Bank of America, Apollo, Affinion, and Trilegiant only. (*Id.*, Ex. F, Compl. ¶ 68.) The alleged enterprise in *Frank* concerns 1-800-Flowers, Chase, Affinion, and Trilegiant. (*Id.*, Ex. C, Compl. ¶ 61.) The alleged enterprises in *Restrepo* and *Warfel* concern Chase, Affinion, and Trilegiant. (*Id.*, Exs. A, E, Compls. ¶ 65, 64.) The alleged enterprise in *Schnabel* concerns Trilegiant and unnamed, unknown "e-commerce merchants." (*Id.*, Ex. B, Compl. ¶ 45.) The alleged enterprise in *Khanna* concerns Trilegiant, Affinion, Apollo, American Express and various unnamed, unknown e-merchants. (*Id.*, Ex. D, Compl. ¶ 65.)

- Different Transactions At Issue. *Auerbach* concerns alleged transactions on Avis's website. (*Id.*, Ex. F, Compl. ¶ 16, 56.) *Frank* concerns alleged transactions on the 1-800-Flowers website. (*Id.*, Ex. C, Compl. ¶ 15, 49.) At issue in *Restrepo* and *Warfel* are transactions involving Chase. (*Id.*, Ex. A, Compl. ¶ 16, 53; *id.,* Ex. E, Compl. ¶ 17, 52.)

- Different RICO Putative Class Definitions. While *Auerbach* alleges a RICO class of "[a]ll persons or entities who reside in the United States and who, while completing online sales transaction(s) ***with Avis***, were enrolled in, and subsequently charged for, one

3

or more of Trilegiant's Membership Programs" (*id.*, Ex. F, Compl. ¶ 56 (emphasis added)), *Frank* alleges a RICO class of "[a]ll persons or entities who reside in the United States and who, while completing online sales transaction(s) *with 1-800-Flowers*, were enrolled in, and subsequently charged for, one or more of Trilegiant's Membership Programs." (*Id.*, Ex. C, Compl. ¶ 49 (emphasis added)). The *Restrepo* action alleges a RICO class of "[a]ll persons or entities who reside in the United States and who, while completing online sales transaction(s) *with Chase*, were enrolled into, and subsequently charged for, one or more of Trilegiant's Membership Programs," while the *Warfel* action focuses on *telephone transactions* with Chase. (*Id.*, Ex. A, Compl. ¶ 53; *id.*, Ex. E, Compl. ¶ 52 (emphasis added).) *Khanna* alleges a RICO class of "[a]ll persons or entities who reside in the United States and who, while completing online sales transaction(s), were enrolled in, and subsequently charged for, one or more of Trilegiant's Membership Programs," (*id.*, Ex. D, Compl. ¶ 53) while *Schnabel* alleges a nationwide class of "[a]ll persons and entities, within the United States, who ... were charged for one or more Trilegiant membership programs" and a separate California sub-class. (*Id.*, Ex. B, Compl. ¶ 34.)

- <u>Different Putative Class Periods.</u>  The class allegations in *Schnabel* go back to February 15, 2008.  (*Id.*, Ex. B, Compl. ¶ 34.)  The class allegations in *Frank* go back to November 2004.  (*Id.*, Ex. C, Compl. ¶ 49).  The class allegations in *Khanna* and *Auerbach* go back to July 2005.  (*Id.*, Ex. D, Compl. ¶ 53; *see also id.*, Ex. F, Compl. ¶ 56.)

- <u>Different Stages of Proceedings.</u>  The claims in *Frank* are subject to a fully-briefed motion to dismiss (*id.*, Ex. C, Doc. Nos. 19-41), and the *Schnabel* court has already ruled on a motion to compel arbitration, a ruling that is fully briefed on appeal with the Second Circuit Court of Appeals (*id.*, Ex. B, Doc. No. 28).  In the meantime, the parties in *Auerbach* and *Khanna,* for example, have not responded to the complaint.  (See *id.*, Exs. D, F.)

***Second***, given the differences across these cases, consolidation is not necessary to avoid

duplicative discovery.  For example, in the *Auerbach* matter, discovery will concern whether a RICO enterprise existed among the Avis Defendants, Bank of America and Trilegiant.  The Avis Defendants and Bank of America are parties ***only*** to the *Auerbach* case.  Thus, there is no duplicative discovery of the Avis Defendants or Bank of America to avoid.  By contrast, discovery in the *Frank* case will concern a different issue — namely, whether there was a RICO enterprise involving Chase, 1-800-Flowers and Trilegiant.  While the Avis Defendants recognize that the Trilegiant/Affinion parties are named in all six cases, counsel for the Trilegiant/Affinion parties is the same in all six cases.  Likewise, counsel for Plaintiffs (Freed & Weiss) are the same in five of the six cases.  Thus, to the extent that there is overlapping discovery served on the Trilegiant/Affinion defendants, the discovery can easily be coordinated informally without the need to consolidate all of these actions.  *See In re Circuit City Stores, Inc., Restocking Fee Sales Practices Litig.*, 528 F. Supp. 2d 1363, 1364 (J.P.M.L. 2007) (declining to transfer actions where there were alternatives to transfer); *In re: Rite Aid Corp. Wage & Hour Emp't Practices Litig.*, 655 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) (denying motion for transfer in part because "plaintiffs in four of the six actions encompassed by the motion share counsel"); *In re: Aegon USA, Inc., Supplemental Cancer Ins. Litig.*, 571 F. Supp. 2d 1369, 1370 (J.P.M.L. 2008) (declining to transfer 7 actions pending in 5 districts where there were alternatives to transfer).[2]

***Third***, the risk of inconsistent RICO judgments is not high.  Plaintiffs have alleged separate and independent RICO enterprises and classes arising out of the particular alleged RICO enterprise at issue.  Consequently, a judgment in *Auerbach* that the Avis Defendants, Trilegiant, and Bank of America did not engage in a RICO enterprise, for example, is not necessarily inconsistent with a judgment that another alleged RICO enterprise involving different parties and different alleged transactions existed.  *See In re Asbestos*, 431 F. Supp. at 910 (refusing to transfer cases in part where "[t]here is not a significant possibility of inconsistent or overlapping class action determinations since any certifiable class could include only those persons who were

---

[2] *See also* Manual for Complex Litigation (4th) § 20.14 (indicating that "judges can coordinate proceedings in their respective courts to avoid or minimize duplicative activity and conflicts" by for example, coordinating the parties' document productions and scheduling joint depositions).

exposed to asbestos in a specific plant or in the service of a particular employer.")

*Fourth*, consolidating six pending cases that are at different stages in the proceedings risks prejudice to several defendants. The *Schnabel* case, for instance, is in the middle of discovery and approaching a deadline for class certification briefing. The Avis Defendants were not named in that case, did not participate in the motion to compel arbitration (already decided by the court), have not participated in discovery, and would be prejudiced by being forced into a case that is significantly more advanced than the suit in which it is named (*Auerbach*). Similarly, defendants, such as Chase, who are awaiting decisions on fully-briefed, pending motions risk delay and the need to engage in a "do-over" of motion practice.

*Fifth*, this is a "manufactured" MDL. The ***same*** Plaintiffs' firm has filed five of the six actions in different courts around the country. Plaintiffs' counsel could have, but did not, bring these actions at the same time in the same forum. Nor did they immediately seek MDL consolidation after the actions were filed. As a result, we now have different cases at different stages of the proceedings against different parties alleging varied RICO enterprises, making consolidation all the more complicated. The by-product of Plaintiffs' strategy, however, is that it allowed them to preview the district courts in these cases to see which way the wind is blowing and, only then, to seek consolidation in their favorite forum based on the court's track record to date. Plaintiffs should not be rewarded for gaming the system in this way. *See, e.g., In re CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d. 1377, 1379 (J.P.M.L. 2010) ("[W]here a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it.").[3]

## IV.  CONCLUSION

For the reasons stated above and in the other Defendants' submissions, the Avis Defendants do not believe that transfer and consolidation would promote efficiency. If,

---

[3] *See also In re Highway Accident Near Rockville, Connecticut, on December 30, 1972*, 388 F. Supp. 574, 576 (J.P.M.L. 1975) (denying request for consolidation where "plaintiff's request for transfer [wa]s not motivated by a desire to achieve the purposes for which Section 1407 was designed").

however, this Panel decides that transfer is appropriate, the actions should be transferred to the Eastern District of New York for all the reasons stated in the other Defendants' submissions.

DATED: October 28, 2011      By:   /s/ Corey C. Watson

      Corey C. Watson (S.B.N. 204679)
      KIRKLAND & ELLIS LLP
      333 South Hope Street, Suite 2900
      Los Angeles, CA 90071
      Telephone: (213) 680-8400
      Facsimile: (213) 680-8500
      E-Mail: corey.watson@kirkland.com

      Attorneys for the Avis Defendants

## CERTIFICATE OF SERVICE

I, Corey C. Watson, certify that on October 28, 2011, I filed the foregoing document using the Court's CM/ECF system, which will automatically send email notification of said filing to ECF-registered counsel of record.

By:   /s/ Corey C. Watson
    Corey C. Watson
    KIRKLAND & ELLIS LLP
    333 South Hope Street, Suite 2900
    Los Angeles, CA 90071
    E-Mail: corey.watson@kirkland.com