**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE:  TRILEGIANT MEMBERSHIP PROGRAM
MARKETING AND SALES PRACTICES LITIGATION                    MDL No. 2310


**ORDER DENYING TRANSFER**


**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in five actions – the Eastern District of New York, District of Arizona, District of Oregon, Southern District of Ohio and Southern District of New York actions – move for coordinated or consolidated pretrial proceedings of six actions pending in six districts as listed on Schedule A.[1]  Moving plaintiffs seek centralization in the District of Connecticut. Plaintiffs in the sixth action encompassed by the motion, the District of Connecticut action, support the motion.

All defendants – Trilegiant Corp., Inc. (Trilegiant), Affinion Group, LLC (Affinion), and Apollo Global Management LLC; Chase Bank USA, N.A. (Chase); Bank of America, N.A.; American Express Company (American Express); Avis Budget Car Rental LLC, Avis Budget Group, Inc., Avis Rent A Car System, LLC; and 1-800-Flowers.com – oppose the motion.  If the Panel orders centralization over their objections, the defendants support centralization in the Eastern District of New York.

If the Panel ordered centralization in the District of Connecticut over its objections, defendant Chase requested that the Panel stay its order until a ruling issued on Chase's pending motion to dismiss the Eastern District of New York action.  Similarly, if the Panel ordered centralization over its objections, defendant American Express asked the Panel to exclude claims in the Southern District of New York action against American Express from centralization or stay the Panel order until a ruling issued on American Express's motion to stay proceedings and compel arbitration; the presiding judge in the Southern District of New York action has since granted the motion.

Such exclusions and deferrals are unnecessary, however, because, on the basis of the papers filed and hearing session held, we will deny the motion.  Plaintiffs have filed putative nationwide class actions against Trilegiant, Affinion and varying additional defendants alleging, among other things, violations of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961 *et seq*. In general, plaintiffs allege that Trilegiant and its parent company, Affinion, conspired with internet

---

[*]   Judge John G. Heyburn II and Judge Charles R. Breyer took no part in the decision of this matter.

[1]   In addition to the actions encompassed by the motion, the parties have notified the Panel of a related action filed in the Central District of California.

- 2 -

merchants and credit card companies to gain unauthorized access to consumers' credit or debit cards to assess charges for fee-based membership programs without the consumers' knowledge or consent. The movants have not convinced us that any common factual questions are sufficiently complex or numerous to justify Section 1407 transfer at this time.

Earlier this year the Panel denied centralization in MDL No. 2206 – In re: Webloyalty.com, Inc., Marketing and Sales Practices Litigation (No. II), which involved a similar online membership program. The Panel declined to centralize that litigation even though similar complaints about the online membership program were the subject of an earlier, closed MDL; the common defendant moved for centralization; and no defendant opposed centralization.  The Panel reached this decision in large part because the motion encompassed only two actions, but it also found that the factual questions shared by the actions were not "sufficiently complex or numerous to justify Section 1407 transfer."[2]  A similar outcome is appropriate here.

Although all actions contain allegations of the same basic scheme concerning post–transaction internet marketing and enrollment in membership programs, the differences among the actions will reduce any efficiencies to be gained from centralization.  Plaintiffs' motion encompasses cases against different defendants and alleging varied RICO enterprises.  Much of the pretrial proceedings, therefore, likely will vary across the actions, including discovery targeted to the unique defendants in each action and issues, such as arbitration agreements, specific to those defendants.  Moreover, all defendants opposed centralization in their responses.

The relatively few involved counsel also weighs against centralization, and should facilitate informal coordination and cooperation across the actions.  The common defendants have the same counsel in all actions, and the same plaintiffs' firm has filed five of the six actions encompassed by the motion, as well as the only related action, in different courts across the country.  The Panel has denied centralization in similar circumstances.  *See, e.g., In re Boehringer Ingelheim Pharm., Inc.,mon Fair Labor Standards Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) ("[T]he presence of common counsel for moving plaintiffs in actions filed shortly before the motion for centralization might also weigh against centralization."); *In re Rite Aid Corp. Wage and Hour Emp't Practices Litig.,* 655 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) (denying centralization where plaintiffs in four of six actions shared counsel).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[2]   *In re Webloyalty.com, Inc., Mktg. and Sales Practices Litig. (No. II)*, 768 F. Supp. 2d 1365, 1365 (J.P.M.L. 2011) (citing *In re EasySaver Rewards Mktg. and Sales Practices Litig.*, 716 F. Supp. 2d 1358, (J.P.M.L. 2010)).

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Marjorie O. Rendell

**IN RE:  TRILEGIANT MEMBERSHIP PROGRAM**
**MARKETING AND SALES PRACTICES LITIGATION**          MDL No. 2310

## SCHEDULE A

District of Arizona

Juan M. Restrepo v. Chase Bank USA, N.A., et al., C.A. No. 4:11-00423

District of Connecticut

Lucy Schnabel, et al. v. Trilegiant Corporation, et al., C.A. No. 3:10-00957

Eastern District of New York

David Frank v. Trilegiant Corporation, Inc., et al., C.A. No. 2:10-05211

Southern District of York

Kapil Khanna, et al. v. American Express Company, et al., C.A. No. 1:11-06245

Southern District of Ohio

Regina Warfel v. Chase Bank USA, N.A., et al., C.A. No. 2:11-00699

District of Oregon

Frederic S. Auerbach v. Avis Rent A Car System, LLC, et al., C.A. No. 3:11-00843